Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff, KEVIN COBB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KEVIN COBB, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| STEPHEN D. BURTON & ASSOCIATES, | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## PLAINTIFF'S COMPLAINT

KEVIN COBB (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against STEPHEN D. BURTON & ASSOCIATES, (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Glendale, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency located in Tuscon, Arizona and conducts business in Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously placed collection calls to Plaintiff multiple times per day on a daily basis for over three months seeking and demanding payment for an alleged consumer debt.

12. Defendant calls from 866-403-0474 and from blocked numbers.

13. Defendant contacted Plaintiff's father and communicated the debt to him though he does not live with Plaintiff and is not a party to the alleged debt.

14. Defendant has repeatedly called Plaintiff and hung up before Plaintiff or voicemail answered.

15. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

16. Defendant failed to identify itself as a debt collector in subsequent communications.

COMPLAINT AND DEMAND FOR JURY TRIAL

# COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party, Plaintiff's father, in connection with the collection of Plaintiff's alleged debt;

    b. Defendant Violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff;

    c. Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephones to ring and engaging people in telephone conversation repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

    d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message;

    e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message and calls from blocked numbers;

    f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector; and

    g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, KEVIN COBB, respectfully requests judgment be entered against Defendant, STEPHEN D. BURTON & ASSOCIATES, for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

21. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, KEVIN COBB, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: April 27, 2010                KROHN & MOSS, LTD.


By: /s/  Ryan Lee
    Ryan Lee
    Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, KEVIN COBB, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KEVIN COBB, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 4-26-10                             _____
                                          KEVIN COBB